**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| BADER FAMILY FOUNDATION, | ) | |
| 1236 N. Stafford St., Arlington, VA 22201 | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 24-1377 |
| v. | ) | |
| | ) | |
| CENTERS FOR DISEASE CONTROL | ) | |
| AND PREVENTION, | ) | |
| 1600 Clifton Road, Atlanta, GA 30329 | ) | |
| | ) | |
| Defendant. | ) | |

**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

Plaintiff alleges as follows, against the defendant Centers for Disease Control and Prevention (CDC):

1) This is an action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, for improper withholding of agency records.

2) Plaintiff seeks to compel production under a FOIA request it submitted on January 10, 2024, for certain records about community violence and community violence prevention.

3) Defendant has failed to provide plaintiff with either the records requested in its FOIA request, or the determination in response to plaintiff's FOIA requests mandated by 5 U.S.C. § 552(a)(6)(A)(i).

4) FOIA generally requires an agency to provide a determination of the number of responsive records it intends to release or withhold within 20 working days after receiving the request. As the D.C. Circuit explained, agencies must "inform the requester of the scope of the documents that the agency will produce, as well as the scope of the documents that the agency plans to withhold under any FOIA exemptions" within the statutory deadline of 20 working days. (*CREW v. FEC*, 711 F.3d 180 (D.C. Cir. 2013)).

1

5) That 20 day deadline expired by February 9, 2024.

6) But by that date, Defendant neither provided a determination about what records will be produced, nor produced any records in response to plaintiff's request.

7) Defendant still has provided no such determination, and still has provided no records in response to plaintiff's request.

8) Defendant told plaintiff on January 10 that "We reasonably anticipate that you should receive documents by May 6, 2024."

9) But that date has come and gone without any documents being produced.

10) Due to Defendant's failure to provide any determination, and its failure to provide any responsive records, plaintiff has filed this lawsuit to compel it to comply with the law.

## PARTIES

11) The plaintiff, the Bader Family Foundation (BFF), is a non-profit, 501(c)(3) tax-exempt foundation.

12) Defendant Centers for Disease Control and Prevention is a federal agency covered by FOIA, 5 U.S.C. § 552(f)(1). It has possession, custody, and control of the records Plaintiff seeks from it.

## JURISDICTION AND VENUE

13) This Court has jurisdiction pursuant to 5 U.S.C. § 552(a)(4)(B), because this action is brought in the District of Columbia, and also 28 U.S.C. § 1331, because the resolution of disputes under FOIA presents a federal question.

14) Venue is proper because FOIA vests venue in this court, regardless of the location of the parties, *see* 5 U.S.C. § 552(a)(4)(B); *In re Scott,* 709 F.2d 717, 720 (D.C. Cir. 1983)

("Section 552(a)(4)(B) reflects an express congressional design to render the District of Columbia an all-purpose forum in FOIA cases"). [1]

## **FACTUAL AND STATUTORY BACKGROUND**

15) On January 10, 2024, plaintiff submitted a FOIA request to CDC.

16) The FOIA request was submitted on behalf of the Bader Family Foundation and *Liberty Unyielding*, which is a blog.

17) That January 10, 2024 FOIA request sought the following records:

All drafts of the CDC Community Violence Prevention Resource for Action created or updated since July 15, 2023.

2. All emails since December 5, 2023 with the Daily Caller or any representative of the Daily Caller (such as Robert Schmad) about any draft or final documents about community violence prevention, including any CDC Community Violence Prevention Resource for Action or any Community Violence Prevention Resource.

3. All emails since December 5, 2023 with any news media entity about any draft or final document about community violence prevention, including any CDC Community Violence Prevention Resource for Action or any Community Violence Prevention Resource.

4. All emails or memos since June 1, 2023 about whether any documents about community violence prevention, including any CDC Community Violence Prevention Resource for Action or any Community Violence Prevention Resource, satisfy the peer review standards developed by the Office of Management and Budget (OMB), Department of Health and Human Services (DHHS), or Centers for Disease Control and Prevention (CDC).

5. All emails or memos since June 1, 2023 about whether any documents about community violence prevention, including any CDC Community Violence Prevention Resource for Action or any Community Violence Prevention Resource, satisfy the requirements of the Data Quality Act or the Information Quality Act or the HHS Guidelines for Ensuring and Maximizing the Quality, Objectivity, Utility, and Integrity of Information Disseminated to the Public.

---

[1] *See also* Department of Justice Guide to the Freedom of Information Act, pg. 722 n. 35 ("5 U.S.C. § 552(a)(4)(B)" provides "for venue in any of four locations," including the U.S. District Court for the District of Columbia).

6. All emails since February 1, 2023 about the effect of structural racism on community violence.

7. All emails since February 1, 2023 about the effect of punitive measures, including incarceration, on community violence.

8. All emails since June 1, 2023 about community violence prevention or any resource on community violence prevention sent or received by Cassidy Whitson, Tom Simon, Marilyn Metzler, Denise D'Angelo, Phyllis Ottley, or Mabel Woghiren.

18) The request also stated that it sought records "generated through the date on which you process this request," and that the "cut-off date for this request is the date on which you conduct a search for responsive records, not the earlier date you receive this FOIA request."

19) It also requested that the records be produced "in electronic form, including any metadata."

20) On January 10, 2024, CDC acknowledged receiving plaintiff's FOIA request, in a letter from FOIA Officer Roger Andoh, which stated, among other things, that "Your FOIA request number is #24-00495-FOIA."

21) To this day, CDC has not provided plaintiff with any determination in response to plaintiff's FOIA request, and it has released no responsive records.

22) FOIA, in 5 U.S.C. § 552(a)(6)(A)(i), requires an agency to make a determination in response to a FOIA request within 20 working days from its date of receipt.

23) But Defendant did not make a determination about what records will be produced in response to plaintiff's requests within 20 business days from its date of receipt.

24) February 8, 2024 was 20 working days after the date (January 10, 2024) that CDC acknowledged receiving plaintiff's FOIA request.

4

25) Under FOIA, an agency must "inform the requester of the scope of the documents that the agency will produce, as well as the scope of the documents that the agency plans to withhold under any FOIA exemptions" within the statutory deadline. (*CREW v. FEC*, 711 F.3d 180 (D.C. Cir. 2013)).

26) Defendant provided no such information to plaintiff, even though plaintiff's request reasonably described the records sought.

27) Instead, Defendant has improperly withheld agency records.

28) Instead of issuing such a determination to plaintiff, Defendant in its January 10 letter said that "In unusual circumstances, an agency can extend the twenty-working-day limit to respond to a FOIA request." It added that it would take "more than thirty working days to respond to your request" because "We reasonably expect to consult with two or more Centers/Institutes/Offices."

29) This did not constitute a valid finding of unusual circumstances.

30) While the letter said the agency "expect[ed] to consult with two or more Centers/Institutes/Offices," it did say definitively that it would do so, nor did it say that it would actually need to "search for and collect" records from such facilities, as FOIA requires for a finding of unusual circumstances. Nor did the letter state that such centers. institutes, or offices were "separate" from the office processing the request, such as "field facilities." Thus, it did not contain the requisite finding of "unusual circumstances."

31) Nor did it explain why a ten-day extension would not suffice for the proper processing of plaintiff's request, even if "unusual circumstances" existed.

32) Under FOIA, "unusual circumstances means, *but only to the extent reasonably necessary to the proper processing of the particular requests—*

(I) the need to *search for and collect* the requested records from field facilities or other establishments that are *separate* from the office processing the request." 5 U.S.C. § 552(a)(6)(B)(iii) (italics added).

33) Accordingly, a valid finding of "unusual circumstances" did not exist to extend the deadline for responding to plaintiff's FOIA request, under 5 U.S.C. § 552(a)(6)(B).

34) Since no valid finding of "unusual circumstances" was made before the 20-day deadline had expired, the deadline cannot be, and was not, extended based on "unusual circumstances."

35) Even if unusual circumstances did exist, the deadline for issuing a determination has now passed.

36) Pursuant to 5 U.S.C. § 552(a)(6)(B), when unusual circumstances exist, an agency can extend the deadline for issuing a determination to a specified date, generally by no "more than ten working days," by issuing a notice "setting forth the unusual circumstances for such extension *and the date on which a determination is expected to be dispatched*." (italics added).

37) Defendant's January 10 letter stated, "We reasonably anticipate that you should receive documents by May 6, 2024."

38) But May 6, 2024 has passed, without any documents being produced, and without any determination being issued.

39) Defendant did not explain why it had failed to provide documents by May 6, 2024, nor did it provide  a revised date on which plaintiff could expect to receive documents.

40) Although Defendant's January 10 letter did contain an estimated date on which documents would be produced (an estimate that was erroneous), it did, and has not, provided a "date on which a *determination* is expected to be dispatched," as FOIA mandates for extensions of the deadline based on unusual circumstances, *see* 5 U.S.C. § 552(a)(6)(B) (emphasis added).

41) Due to Defendant's failure to comply with the statutory deadline, plaintiff has exhausted administrative remedies, and can now sue.

42) FOIA provides that a requester is "deemed to have exhausted his administrative remedies with respect to such request if the agency fails to comply with the applicable time limit provisions." 5 U.S.C. § 552(a)(6)(C)(i); *see CREW v. FEC*, 711 F.3d 180, 189 (D.C. Cir. 2013).

43) Plaintiff's FOIA request contained a request for a fee waiver, explaining in the subject line of the email containing the FOIA request that a "fee waiver [was] requested" and further explaining in the body of the FOIA request that fees should "not be charged for anything other than duplication (and also not for the copying costs of the first 100 pages of duplication) because Liberty Unyielding is a blog" that qualifies as "news media."

44) Defendant's January 10 letter indicated in response:

You requested that we waive fees associated with processing your request, your request is not billable due to your requester category; however, we may charge reduced fees instead of waiving all fees. If we decide to charge reduced fees you will be notified. Because you are considered a "News Media requester," you will not be charged fees unless you choose to receive responsive records in hard copy. (10 cents/page)

45) Plaintiff did not choose to receive responsive records in hard copy, instead requesting them "in electronic form," so this means plaintiff should not be charged fees.

46) Moreover, because defendant did not comply with FOIA's deadline for issuing a determination, it has waived the right to collect fees, such as search fees, for processing plaintiff's FOIA request.

47) In *Bensman v. National Park Service*, 806 F.Supp.2d 31 (D.D.C. 2011), this Court noted that "the 2007 [FOIA] Amendments … impose consequences on agencies that …. fail to comport with FOIA's requirements….To underscore Congress's belief in the importance of the statutory time limit, the 2007 Amendments declare that '[a]n agency shall not assess search fees… if the agency fails to comply with any time limit' of FOIA." *See also* 5 U.S.C. § 552(a)(4)(A)(viii)(I).

48) Even a valid finding of "unusual circumstances" does not allow an agency to assess such fees if the agency has not responded within 30 working days. *also* 5 U.S.C. § 552(a)(4)(A)(viii)(II)(aa).

49) Moreover, it would be inappropriate to charge fees for an additional reason: the records sought in plaintiff's FOIA request are of public interest,[2] and producing them would be of public benefit. When responsive records are produced to plaintiff in FOIA lawsuits, they are generally disseminated to the Liberty Unyielding blog, which posts such records, and thus makes them available to the public, sometimes resulting in news coverage by media entities with large readerships.[3]

---

[2] The requested records involve a subject that triggered news coverage, which shows their newsworthy nature. See Robert Schmad, *EXCLUSIVE: CDC Champions Addressing Racism, 'Injustices' Over Jailing Criminals To Prevent Violence*, Daily Caller, Jan. 5, 2024, available at https://dailycaller.com/2024/01/05/cdc-criminal-justice-community-violence/ .

[3] *See, e.g.*, Ashe Schow, *Biden Administration Knew Its Racial Preferences For COVID Relief Were Unconstitutional, Went Ahead Anyway*, Daily Wire, Aug. 21, 2021 (quoting & linking to records posted by the Liberty Unyielding blog that were produced in a Bader Family Foundation FOIA lawsuit) (available at https://www.dailywire.com/news/biden-administration-knew-its-

## FIRST CLAIM FOR RELIEF
### Duty to Produce Records – Declaratory Judgment

50) Plaintiff re-alleges paragraphs 1-49 as if fully set out herein.

51) Defendant is improperly withholding agency records.

52) Plaintiff asks this Court to enter a judgment declaring that:

       a.   Plaintiff is entitled to the records described in its FOIA request, and any attachments thereto;

       b.   Defendant's processing of plaintiff's FOIA request is not in accordance with the law, and does not satisfy Defendant's obligations under FOIA;

       c.   Defendant has a duty to produce the records responsive to plaintiff's FOIA requests;

       d.   Defendant has a duty to produce them without charging any fees.

## SECOND CLAIM FOR RELIEF
### Duty to Produce Records – Injunctive Relief

53) Plaintiff re-alleges paragraphs 1-52 as if fully set out herein.

54) Plaintiff is entitled to injunctive relief compelling Defendant to issue a determination in response to plaintiff's FOIA request;

55) Plaintiff is entitled to injunctive relief compelling Defendant to produce the records described in plaintiff's FOIA request, without charging any fees.

---

racial-preferences-for-covid-relief-were-unconstitutional-went-ahead-anyway). Daily Wire stories have many readers. Similarweb stated that the Daily Wire had more 15 million visits to its web site in January 2024, a higher number than the Boston Globe and Baltimore Sun. *See* https://www.similarweb.com/website/dailywire/.

56) Plaintiff asks the Court to issue an injunction ordering Defendant to produce to plaintiff, within 10 business days of the date of the order, the records sought in plaintiff's FOIA request, and any attachments thereto.

### THIRD CLAIM FOR RELIEF
### Costs And Fees – Injunctive Relief

57) Plaintiff re-alleges paragraphs 1-56 as if fully set out herein.

58) Pursuant to 5 U.S.C. § 552(a)(4)(E), the Court may assess against the United States reasonable attorney fees and other litigation costs reasonably incurred in any case under this section in which the complainant has substantially prevailed.

59) This Court should enter an injunction ordering Defendant to pay reasonable attorney fees and other litigation costs reasonably incurred in this case.

WHEREFORE, Plaintiff requests the declaratory and injunctive relief herein sought, and an award for its attorney fees and costs and such other relief as the Court shall deem proper.

Respectfully submitted this 13th day of May, 2024,

_____/s/ Hans F. Bader_____
Hans F. Bader
D.C. Bar No. 466545
hfb138@yahoo.com
1236 N. Stafford St.
Arlington, VA 22201
(703) 399-6738

*Attorney for Plaintiff*